# Illinois Official Reports

## Appellate Court

---

### *In re Aa. C.*, 2021 IL App (1st) 210639

---

| | |
|---|---|
| Appellate Court Caption | *In re* Aa. C., As. C., Jov. C., and Jos. C., Minors-Appellees (The People of the State of Illinois, Petitioner-Appellee, v. Malenda C., Respondent-Appellant). |
| District & No. | First District, Fifth Division<br>No. 1-21-0639 |
| Filed | October 15, 2021 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, Nos. 17-JA-708, 17-JA-709, 17-JA-710, 18-JA-896; the Hon. Patrick T. Murphy, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Sharone R. Mitchell Jr., Public Defender, of Chicago (Frank M. Adams, Assistant Public Defender, of counsel), for appellant.<br><br>Kimberly M. Foxx, State's Attorney, of Chicago (Enrique Abraham, Gina DiVito, and Brian A. Levitsky, Assistant State's Attorneys, of counsel), for the People.<br><br>Charles P. Golbert, Public Guardian, of Chicago (Kass A. Plain and Christopher J. Williams, of counsel), for other appellees. |

Panel                    JUSTICE CUNNINGHAM delivered the judgment of the court, with opinion.
Justices Hoffman and Connors concurred in the judgment and opinion.

## OPINION

¶ 1      The respondent, Malenda C., appeals from a judgment of the circuit court of Cook County terminating her parental rights to her four children, Aa. C., As. C., Jov. C., and Jos. C.[1] On appeal, the respondent does not challenge the circuit court's findings at her termination of parental rights (TPR) trial. Rather, the respondent argues on appeal that the circuit court violated her statutory and due process rights by conducting the TPR trial via Zoom.[2] She also contends that the circuit court erred in denying her motion for a continuance. For the following reasons, we affirm the judgment of the circuit court of Cook County.

¶ 2                              BACKGROUND

¶ 3      As the respondent does not challenge the findings made in her TPR trial, we present only the facts necessary to resolve this appeal. The respondent is the mother of Aa. C., As. C., Jov. C., and Jos. C, four children between the ages of 3 and 10. In July 2017 and July 2018, the State filed petitions for adjudication of wardship and motions for temporary custody of all four children. The trial court subsequently held dispositional hearings and found the respondent unable to parent her children.

¶ 4      In November 2020, the State moved to terminate the respondent's parental rights and proceedings began in a TPR trial. Since March 2020, proceedings in Illinois courts have been conducted almost entirely virtually, via Zoom, due to the COVID-19 pandemic.

¶ 5      On April 8, 2021, the respondent filed a "Motion for Continuance to Hold Trial In-Person and Objections to Conducting Termination Trial by Videoconference." In her motion, the respondent argued that "a trial can be held safely in May or June" because it was "likely that all court personnel involved in the trial will have had the opportunity to take the vaccine" by then. She posited that there was "not good cause *** for this trial to proceed over Zoom." The respondent argued that "an in-person trial is necessary for the [c]ourt to comply with [the respondent's] statutory and due process rights and to minimize the risk of an erroneous decision." She averred that an in-person trial was necessary for the trial court to accurately assess witness credibility and ensure that all parties are able to participate in the trial. She argued that the trial court should continue the hearing to a future date rather than conduct it via Zoom. According to the respondent, such a continuance would not prejudice any of the parties.

¶ 6      On April 14, 2021, during a virtual hearing on the respondent's motion, the trial court stated:

_____

[1]Two of the children share the initials A.C., and two of the children share the initials J.C. To avoid confusion, this opinion includes the first few letters of each child's first name.

[2]Zoom is an online communications technology that provides participants the opportunity to interact virtually via the Internet.

"Here's what I'll do, and that is, I will start the hearing, and if during the hearing I determine that the facts merit it, I will continue the case until September some point to hear the rest of the matter. So that way I can get a feel for what it's about, and if I feel that it's complex, that I may just hear the State's case, and if I feel that your case, [the respondent,] is going to be complex, that [you] should be in person, then I'll just put it over till another date. Okay?"

The trial court then continued the respondent's motion without ruling on it.

¶ 7　　The respondent's TPR trial commenced virtually on May 10, 2021. The respondent did not appear at the trial, although her counsel did. At the beginning of the trial, the respondent's counsel renewed the objection to proceeding via Zoom. The trial court denied counsel's objection to conducting the trial via Zoom, stating: "Okay. As I indicated before, I take it on a case-by-case basis, depending upon the apparent complexity. In this case, with [the respondent] not even being here, obviously the complexity is not what I would look for." The TPR trial then commenced virtually; the record shows that none of the parties mentioned experiencing any technical issues related to the use of Zoom during the trial. At the conclusion of the trial, the trial court found the respondent unfit to parent her children.

¶ 8　　The case proceeded to a best interest hearing, in which the trial court found that it was in the best interest of the four children to terminate the respondent's parental rights. At no point during the hearing did any party indicate that they were experiencing technical issues with the virtual platform. Following the trial court's judgment terminating the respondent's parental rights, the respondent filed a notice of appeal.

¶ 9　　　　　　　　　　　　　　　ANALYSIS

¶ 10　　We note that we have jurisdiction to consider this appeal, as the respondent filed a timely notice of appeal following the trial court's final judgment terminating her parental rights. Ill. S. Ct. R. 307(a)(6) (eff. Nov. 1, 2017).

¶ 11　　The respondent presents the following issues on appeal: (1) whether the trial court violated her statutory and due process rights by conducting her TPR trial virtually via Zoom and (2) whether the trial court erred in denying her motion for a continuance. The respondent argues that, under the Juvenile Court Act of 1987 (Act) (705 ILCS 405/1-1 *et seq.* (West 2020)), she had a right to be physically present during her trial. She argues that her procedural due process rights were also violated by the virtual trial because her counsel was not able to efficiently cross-examine the witnesses and the trial court was not able to effectively evaluate the witnesses' credibility because of the virtual platform. She claims that an in-person trial was possible by May 2021, because by that date, court staff was able to get vaccinated. The respondent alternatively argues that, for the same reasons, the trial court erred in not granting her motion for a continuance.

¶ 12　　Because of the liberty interests involved in parental rights, courts will not easily terminate those rights. *In re M.H.*, 196 Ill. 2d 356, 363 (2001). "Therefore, procedures involved in terminating parental rights must meet the requisites of the due process clause." *Id.* There are three factors to be considered and balanced in determining whether a party's due process rights were violated: (1) the private interest affected by the official action; (2) the risk of an erroneous deprivation of the interest through the procedures used and the probable value, if any, of additional or substitute procedural safeguards; and (3) the government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute

safeguards would entail. *Id.* (citing *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976)). Additionally, the Act gives parties in a termination of parental rights proceeding the statutory right "to be present, to be heard, to present evidence material to the proceedings, to cross-examine witnesses, to examine pertinent court files and records and *** to be represented by counsel." 705 ILCS 405/1-5(1) (West 2020).

¶ 13　In light of the novelty of the issue as it relates to virtual court hearings, we are guided in our analysis by a recent case from this court, *In re R.D.*, 2021 IL App (1st) 201411, which was issued after the respondent filed her brief in this case. The respondents in *In re R.D.*, like the respondent here, argued that their due process rights were violated when their TPR trial was conducted virtually via Zoom. *Id.* ¶ 18. In rejecting that argument, this court explained that there were "cogent reasons" for holding the TPR proceedings via Zoom because of the COVID-19 pandemic. *Id.* ¶ 25. This court further noted that, during the Zoom trial, "counsel was able to see and hear [the witnesses] as they testified and during cross-examination." *Id.* ¶ 24. "While the court could not view everything in the room with the witness, it could observe his or her demeanor for clues that something might be amiss." *Id.*

¶ 14　We follow *In re R.D.* in balancing the three due process factors in this case. For the first factor, the private interest affected by the official action, we acknowledge that the respondent's "right to maintain a parental relationship with [her] children is a significant liberty interest recognized by courts." *Id.* ¶ 20. For the second factor, the risk of an erroneous deprivation of the interest through the procedures used, we find that having the witnesses testify virtually via Zoom still allowed the court to observe the witnesses' demeanor and ensure that the testimony was reliable. See *id.* The record also reflects that the respondent's counsel was able to effectively cross-examine the witnesses without issue. Notably, no one involved in the respondent's TPR trial complained of technical problems with the Zoom platform; nor in any way was anyone's participation in the trial impacted by Zoom. We also emphasize that the trial court stated that it would carefully consider the complexity of the case and would not allow the case to proceed virtually if the case was so complex that the court determined an in-person trial to be warranted. This was an effort by the court to further ensure that procedural safeguards were in place for the respondent's trial. Finally, as for the third factor, the government has a significant interest in the well-being of children, who are still too young to be vaccinated, including the respondent's children. See *id.* ¶ 21. Notwithstanding the availability of vaccines by May 2021, this court can take judicial notice of the continuing spread of the COVID-19 disease in May 2021. So, the danger of the COVID-19 pandemic was by no means over in May 2021. "Given the seriousness of the continuing COVID-19 pandemic and the uncertainty of when it would be safe to hold in-person hearings, we must weigh this factor accordingly." *Id.* After balancing the three due process factors, we find that the government's interest in keeping the population safe, coupled with the procedural safeguards in place for the trial, outweigh any minimal risk from the virtual appearances of witnesses at a trial. Therefore, the trial court did not violate the respondent's procedural due process rights by conducting the TPR trial via Zoom.

¶ 15　*In re R.D.* did not address the other argument raised by the respondent, which asserts that her statutory rights were also violated. Pursuant to the Act, the respondent has the right "to be present, to be heard, to present evidence material to the proceedings, to cross-examine witnesses, to examine pertinent court files and records and *** to be represented by counsel." 705 ILCS 405/1-5(1) (West 2020). The respondent makes much of the phrase "to be present"

and claims that, consequently, her statutory right under the Act to be present was violated by having her trial conducted via Zoom.

¶ 16 However, the Fifth District of the Illinois Appellate Court recently considered and rejected this argument: "On its face, the statute does not indicate that the parent's right to be 'present' at the hearing encompasses the right to demand an *in-person* hearing or that all case participants must share the same physical space." (Emphasis added.) *In re P.S.*, 2021 IL App (5th) 210027, ¶ 71. We agree with that reasoning, as the intention of the Act is to give parents the right to *participate* in their TPR trials and conducting a trial via Zoom does not impede that right. Indeed, the Merriam-Webster Dictionary defines "present" as "being in view or at hand" (Merriam-Webster Online Dictionary, https://www.merriam-webster.com/dictionary/present (last visited Oct. 7, 2021) [https://perma.cc/Y4PQ-LJX8]), which Zoom allows since parties can be easily seen and heard while utilizing the Zoom platform. The respondent avers that the term "at hand" "encompasses the idea of physical presence," but the Merriam-Webster Dictionary defines "at hand" as "near in time or place" and "within reach." Merriam-Webster Online Dictionary, https://www.merriam-webster.com/dictionary/at%20hand (last visited Oct. 7, 2021) [https://perma.cc/H38K-VQ7A]. Again, participating in a trial via Zoom allows a party to be immediately available to communicate, such that they are "within reach." Simply put, none of these definitions provide anything about a person having to be *physically in the same room* in order to be considered present.

¶ 17 Even at critical stages in criminal proceedings, it is well established that the right to be physically present is not absolute. *In re P.S.*, 2021 IL App (5th) 210027, ¶ 74. It naturally follows that the same is true for termination of parental rights proceedings. Accordingly, we hold that the respondent's statutory rights were not violated when the TPR trial was held via Zoom.

¶ 18 Finally, the respondent argues in the alternative that the trial court erred in denying her motion for a continuance. The respondent's arguments as to why the trial court should have granted her motion for a continuance are the same arguments that she made as to why her statutory and due process rights were violated, and we have already addressed them.

¶ 19 A party does not have an absolute right to a continuance in a proceeding under the Act. *Id.* ¶ 53. "Whether to grant or deny a motion to continue in a proceeding under the Act is a matter within the trial court's discretion." *Id.* We will not overturn a trial court's decision absent an abuse of discretion. *In re R.D.*, 2021 IL App (1st) 201411, ¶ 30. Even when an abuse of discretion occurs, the denial of a continuance is not grounds for reversal unless the respondent has been prejudiced by the denial. *Id.*

¶ 20 Significantly, the respondent does not make the argument that she was prejudiced by the trial court denying her motion for a continuance. Insomuch as her motion for a continuance was based on the claim that vaccines were becoming available, there still is no end to the pandemic; so it is unclear as to when the trial would be able to safely proceed in person. See *id.* ¶ 29. Notably, as of the date of this opinion, none of the respondent's children are of age to receive the vaccine. The inference can be drawn that the trial court was, and continues to be, concerned about the spread of the COVID-19 virus to vulnerable members of the population, including the respondent's children. We find that the trial court did not abuse its discretion in denying the respondent's motion for a continuance to some uncertain time in the future when in-person hearings can be conducted with certainty that the virus will not be spread.

¶ 21                                    CONCLUSION

¶ 22            For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 23            Affirmed.